C O P Y
# THE ATTORNEY GENERAL
## OF TEXAS



Gerald C. Mann
PRICE DANIEL
ATTORNEY GENERAL

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. O-4403
Re: Gross Receipts Tax upon
sale of radios and cosmet-
ics.

Dear Sir:

In your letter of February 9, 1942, you direct our attention to Article 10 of House Bill No. 8, 47th Legislature, and submit to us for our opinion the following:

> "It appears to be the practice of people engaged in the sale of cosmetics and radios to add two per cent to the sale price of the article and collect that much in addition when the sale is made and report the two per cent collected as the tax due this Department. The question has arisen as to whether or not the tax also applies against the addition-al amount collected at the time of the sale. For example: a dealer sells a radio at the sale price of $100 but he col-lects $102 from the customer. Should the seller base his tax on the sale price of $100 or on the amount of $102 actually collected?"

The first and last paragraphs of Section 1, Article 10, House Bill No. 8, 47th Legislature, read as follows:

> "Each person, partnership, association, or corporation selling at retail new radios or new cosmetics, shall make quarterly on the first day of January, April, July, and Oc-tober of each year, a report to the Comptroller, under oath of the owner, manager, or if a corporation, an officer there-of, showing the aggregate gross receipts from the sale of any of the above-named items for the quarter next preceding; and shall at the same time pay to the Comptroller a luxury ex-cise tax equal to two (2) per cent of said gross receipts as shown by said report. . .

> "Nothing herein shall be construed so as to require pay-ment of the tax on gross receipts herein levied more than once on the proceeds of the sale of the same article of mer-chandise. A retail sale as used herein, means a sale to one who buys for use or consumption, and not for resale. Gross re-ceipts of a sale means the sum which the purchaser pays, or agrees to pay for an article or commodity bought at retail sale."

In our opinion No. 0-4056 we held that in computing the State tax on the sale of cosmetics the amount added to the sale price on account of the Federal tax should be excluded from the amount on which the State tax should be calculated, our view being that the increase in cost to the consumer by reason of the Federal tax is not a part of the sale price. In support of that opinion, we cited the case of Standard Oil Company v. State, 283 Mich. 85, 276 N. W. 908. We can see no difference in principle between that question and the one before us. If the Federal tax thus collected from the consumer at the time of the sale is not a part of the sale price of the merchandise, then the State tax collected in the same manner and at the same time is not. There is not enough difference between the Federal statute levying the ten per cent tax and the State statute levying the two per cent tax to merit a different result on this question. Our answer to your question is that the seller should base his tax on the sale price of $100.00 on the fact situation presented.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By   (signed)
        Glenn R. Lewis
        Assistant

GRL/BT/JCP

APPROVED FEB 13, 1942                APPROVED
(signed) Grover Sellers               OPINION COMMITTEE
FIRST ASSISTANT                       BY B.W.B., CHAIRMAN
ATTORNEY GENERAL